UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOHN BAUMANN,

       Plaintiff,

   - against -

DR. PATRICK J. BUTTARAZZI, DR. JERRY R.
BARTLESON, AND LESTER N. WRIGHT,
M.D. M.P.H.,

       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Case No. 05 Civ. 0129 (GEL)(AJP)
ECF CASE

AMENDED COMPLAINT

Plaintiff, John Baumann, by his attorneys, Craig J.J. Snyder, P.C., as and for his complaint, alleges the following:

## NATURE OF THE ACTION

1. This is an action, pursuant to 42 U.S.C. § 1983, seeking damages and relief for deliberate indifference on the part of correctional facility physicians constituting cruel and unusual punishment in violation of the 8th Amendment of the United States and related misconduct.

## JURISDICTION

2. This Court has Federal Question jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that the action involves claims pursuant to 42 U.S.C. § 1983, to redress the deprivation of plaintiff's constitutional rights by defendants.

## PARTIES

3. Plaintiff was at all relevant times, and remains, an inmate in the custody of the New York Department of Correctional Services of the State of New York ("DOCS") at its Cayuga Correctional Facility.

4. Upon information and belief, defendant Dr. Patrick J. Buttarazzi ("Buttarazzi") is, and has been at all relevant times, a physician licensed to practice medicine in the State of New York and employed by or contracted by DOCS to provide medical care and supervise medical care provided to prison inmates. Upon information and belief, his current business address is Cayuga Correctional Facility, P.O. 1186, Moravia, New York 13118 and his current residential address is 39 William Street, Auburn, New York 13021.

5. Upon information and belief, defendant Dr. Jerry R. Bartleson ("Bartleson") is, and has been at all relevant times, a physician licensed to practice medicine in the State of New York and employed by or contracted by DOCS to provide medical care and supervise medical care provided to prison inmates. Upon information and belief, his current business address is Cayuga Correctional Facility, P.O. 1186, Moravia, New York 13118 and his current residential address is 7434 Song Lake Road, Tully, New York 13159.

6. Upon information and belief, defendant Lester N. Wright, MD, MPH (Wright") is, and has been at all relevant times, a physician licensed to practice medicine in the State of New York and employed by DOCS as its Deputy Commissioner/Chief Medical Officer. Upon information and belief, his current business address is State of New York, Department of Correctional Facilities, The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Prior to filing this action, plaintiff filed grievances at Cayuga Correctional Facility regarding the facts underlying this action and, otherwise, exhausted his administrative remedies.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8. Plaintiff was and remains an inmate at the Mid-Orange Correctional Facility from on or about October 31, 2001 until the present.

9. At all relevant times, plaintiff suffered from Hepatitis C.

10. From on or about November 2, 2001 until March 5, 2003 defendant Buttarazzi provided medical care to plaintiff.

11. On or about November 2, 2001, plaintiff advised defendant Buttarazzi that he suffered from Hepatitis C, blood in his urine and diabetes.

12. On numerous occasions between November 2, 2001 and March 5, 2003, plaintiff complained to defendant Buttarazzi of severe and continuous abdominal pain, back pain, fatigue, joint pain, high blood pressure, nose bleeds, diarrhea and blood in his urine.

13. On numerous occasions between November 2, 2001 and March 5, 2003, plaintiff complained to defendant Buttarazzi that he required treatment for Hepatitis C.

14. From on or about March 5, 2003 until the present, defendant Bartleson provided medical care to plaintiff.

15. On numerous occasions between March 5, 2003 and the present, plaintiff complained to defendant Bartleson of severe and continuous abdominal pain, back pain, fatigue, joint pain, high blood pressure, nose bleeds, diarrhea and blood in his urine.

16. On numerous occasions between March 5, 2003 and the present, plaintiff complained to defendant Bartleson that he required treatment for Hepatitis C.

17. On one or more occasions, plaintiff communicated with the New York State Department of Health concerning his medical condition and required treatment for Hepatitis C.

18. Upon information and belief, defendant Wright received and acted upon at least one such complaint and responded to such complaint.

19. Defendants had actual knowledge that plaintiff suffered from Hepatitis C requiring medical treatment.

20. Defendants failed to treat plaintiff for Hepatitis C.

21. DOCS created and maintained a policy or custom under which inmates, including plaintiff, were denied treatment for serious Hepatitis C medical conditions for reasons other than medical necessity and considerations.

## COUNT I
### (Violation of Plaintiff's Eighth Amendment Rights by Defendant Buttarazzi)

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 as though set forth fully herein.

23. Defendant Buttarazzi exercised deliberate indifference to the medical needs of plaintiff by depriving him of adequate care for serious medical needs.

24. Plaintiff's medical condition, namely, Hepatitis C, was and remains a serious medical condition.

25. Defendant Buttarazzi knew of substantial and excessive risks to plaintiff's health and life resulting from his medical condition.

26. Defendant Buttarazzi disregarded the substantial and excessive risks to plaintiff's health and life resulting from his medical condition and his medical needs.

27. Defendant Buttarazzi participated directly in the deliberate indifference to plaintiff's serious medical condition.

28. Defendant Buttarazzi's deliberate indifference to plaintiff's serious medical needs and related misconduct proximately caused plaintiff to suffer severe pain, disability, illness, emotional distress, and will likely result in his death.

29. As a result of the foregoing, plaintiff is entitled to compensatory, pecuniary, punitive and special damages in a sum to be determined at trial not less than $15 million.

## COUNT II
### (Violation of Plaintiff's Eighth Amendment Rights by Defendant Bartleson)

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 as though set forth fully herein.

31. Defendant Bartleson exercised deliberate indifference to the medical needs of plaintiff by depriving him of adequate care for serious medical needs.

32. Plaintiff's medical condition, namely, Hepatitis C, was and remains a serious medical condition.

33. Defendant Bartleson knew of substantial and excessive risks to plaintiff's health and life resulting from his medical condition.

34. Defendant Bartleson participated directly in the deliberate indifference to plaintiff's serious medical condition.

35. Defendant Bartleson disregarded the substantial and excessive risks to plaintiff's health and life resulting from his medical condition and his medical needs.

36. Defendant Bartleson's deliberate indifference to plaintiff's serious medical needs and related misconduct proximately caused plaintiff to suffer severe pain, disability, illness, emotional distress, and will likely result in his death.

37. As a result of the foregoing, plaintiff is entitled to compensatory, pecuniary, punitive and special damages in a sum to be determined at trial not less than $15 million.

## COUNT III
### (Violation of Plaintiff's Eighth Amendment Rights by Defendant Wright)

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 37 as though set forth fully herein.

39. Defendant Wright exercised deliberate indifference to the medical needs of plaintiff by depriving him of adequate care for serious medical needs.

40. Plaintiff's medical condition, namely, Hepatitis C, was and remains a serious medical condition.

41. Defendant Wright knew of substantial and excessive risks to plaintiff's health and life resulting from his medical condition.

42. Defendant Wright disregarded the substantial and excessive risks to plaintiff's health and life resulting from his medical condition and his medical needs.

43. Defendant Wright participated directly in the deliberate indifference to plaintiff's serious medical condition.

44. Defendant Wright was advised of the deliberate indifference to plaintiff's serious medical condition and failed to remedy the deliberate indifference.

45. Defendant Wright created or allowed the continuance of a policy or custom under which deliberate indifference to plaintiff's serious medical condition was permitted or required.

46. Defendant Wright failed to act on information indicating that unconstitutional acts were occurring.

47. Defendant Wright's deliberate indifference to plaintiff's serious medical needs and related misconduct in violation of plaintiff's rights under the Eighths Amendment of the U.S. Constitution. proximately caused plaintiff to suffer severe pain, disability, illness, emotional distress, and will likely result in his death.

48. As a result of the foregoing, plaintiff is entitled to compensatory, pecuniary, punitive and special damages in a sum to be determined at trial not less than $15 million.

## RELIEF

WHEREFORE, plaintiff respectfully requests judgment against the defendants as requested in the amended complaint together with costs and attorneys' fees and such other and further relief as this Court may deem just and proper.

Dated: January 27, 2005          CRAIG J.J. SNYDER P.C.

By _____
Craig J.J. Snyder (CS5818)
Attorneys for Plaintiff
21-27 41st Street, No. 2-C
Astoria, New York 11105
(718) 721-2701

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JOHN BAUMANN,                        :

                Plaintiff,   :   Case No. 05 Civ. 0129 (GEL)(AJP)
                                              ECF CASE

   - against -                     :

                                              CERTIFICATION

                                              :
DR. PATRICK J. BUTTARAZZI, DR. JERRY R.
BARTLESON, AND LESTER N. WRIGHT,     :
M.D. M.P.H.,

                                              :

                Defendants.
------------------------------------X

    I, Craig J.J. Snyder, certify under penalty of perjury that the foregoing is true and correct:

    Plaintiff amends his complaint in accordance with F.R.C.P. 15(a). No defendant has yet been served with the summons and complaint and no responsive pleading has been served.

Executed on January 17, 2005.

                                                              _____
                                                              Craig J.J. Snyder (CS5818)
                                                             Attorneys for Plaintiff
                                                             67 Wall Street, Suite 2211
                                                             New York, New York 10005